UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Construction Systems, Inc.,

                        Plaintiff,

                                                     Civ. No. 09-3697 (RHK/JJG)
                                                     **ORDER TO SHOW CAUSE**

v.

General Casualty Company of Wisconsin,

                        Defendant.

      This matter is before the Court *sua sponte*. On March 21, 2011, Plaintiff filed a Motion for Summary Judgment (Doc. No. 95), which was noticed for hearing before the undersigned on July 21, 2011. Also on March 21, 2011, Defendant filed a Motion for Partial Summary Judgment (Doc. No. 97), which was initially noticed for hearing in May. The Court concluded that these Motions would be best heard together on the July hearing date, and it issued an Order on April 1, 2011, continuing the May hearing on Defendant's Motion to the July date. (See Doc. No. 102.) In this same Order, the Court specified a briefing schedule and provided that each party would be allowed to file an opening brief and a response brief, but no reply absent further Order. It also expressly provided that "[t]he parties' briefs shall conform to the word limitations provided in Local Rule 7.1(d)—that is, *the total number of words in each party's briefs (combined) shall not exceed 12,000 words*." (Id. at 2 (emphasis added).)

Following this Order, Defendant sent a letter to the Court explaining that it had originally intended to seek partial summary judgment in May and then bring a subsequent summary-judgment motion in July after experts' opinions were disclosed and discovery was completed.  (See Attachment 1 to Doc. No. 120.)  Because the Court's April 1st Order effectively consolidated both of Defendant's intended summary-judgment motions, it requested an expansion of the 12,000-word limit to 17,000 words.  (See id.)  The Court considered this request and issued an Order on April 14, 2011, explicitly denying the request to expand the word limit.  (See Doc. No. 120.)  This Order cited the Court's previous Order limiting the total number of words allowed to 12,000 for each party.

Subsequently, Defendant re-filed its Motion for Partial Summary Judgment (Doc. No. 126).  Each party has now submitted both an opening brief and a response.  (See Doc. Nos. 128, 131, 134, 136.)  These briefs were submitted in accordance with the briefing schedule set forth by the Court's April 1st Order.  However, despite the Court's previous two Orders regarding the word limitation, Defendant's combined briefs appear to exceed the 12,000-word limit by more than 3,000 words.  And Defendant is not alone; Plaintiff's briefs appear to exceed the limit as well, by more than 1,000 words.

Based on the foregoing, and all the files, records, and proceedings herein, each party is **ORDERED** to **SHOW CAUSE**, in writing, by July 12, 2011, why it should not be sanctioned for exceeding the word limitations expressly set forth by this Court.

Dated: July 5, 2011                                         s/ Richard H. Kyle
                                                            RICHARD H. KYLE
                                                            United States District Judge