UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Construction Systems, Inc.,

                    Plaintiff,

                                             Civ. No. 09-3697 (RHK/JJG)
                                             **ORDER**

v.

General Casualty Company of Wisconsin,

                    Defendant.

---

Robert E. Kuderer, Johnson & Condon, PA, Minneapolis, Minnesota, for Plaintiff.

Dawn L. Gagne, James L. Haigh, Jessica J. Theisen, Cousineau McGuire Chartered, Minneapolis, Minnesota, and Robert C. Burrell, Borgelt, Powell, Peterson & Frauen SC, Milwaukee, Wisconsin, for Defendant.

---

      On July 5, 2011, this Court issued an Order to Show Cause (Doc. No. 139), directing counsel for each party in the above-captioned matter to show cause why they should not be sanctioned for exceeding the word-count limitations set forth in a previous Order.  Each side responded to the show-cause Order (see Doc. Nos. 143, 144), and they also addressed the issue at the July 21 hearing on their Motions for Summary Judgment.  Having reviewed the parties' responses, the Court finds that counsel for both sides have violated its previous Orders; it concludes, however, that sanctions are not necessary.

      By way of background, the Court determined that two summary-judgment motions in this action, one filed by each party in March, should be heard together.  It issued an Order on April 1, 2011, rescheduling the Motions for a hearing on the same date and

expressly providing that each party would be allowed to file an opening brief and a response brief, but no reply.  (See Doc. No. 102.)  In that Order, the Court also directed that "[t]he parties' briefs shall conform to the word limitations provided in Local Rule 7.1(d)—that is, *the total number of words in each party's briefs (combined) shall not exceed 12,000*."  (Id. at 2 (emphasis added).)  In response, Defendant requested an expansion of the 12,000-word limit to 17,000 words.[1]  (See id.)  The Court denied this request in an Order dated April 14, 2011, citing Local Rule 7.1(b)(4) and referring back to its April 1 Order limiting the total number of words allowed to 12,000 for each party.  (See Doc. No. 120.)  Subsequently, each party timely submitted its opening brief and response.  (See Doc. Nos. 128, 131, 134, 136.)  Despite the Court's Order expressly limiting the "total number of words in each party's briefs (combined)" to 12,000, *and* the Court's denial of Defendant's request for more words, Defendant's combined briefs exceeded the 12,000-word limit by more than 3,000 words, and Plaintiff's by more than 1,000 words.

Counsel have attempted to explain their conduct as follows.  Defendant's counsel reiterated the argument they previously made in support of their request for an expansion of the word limit, explaining that they "understood that the Court's reference to 'closely related motions' in its April 14, 2011 Order referred to the two summary judgment motions [Defendant] originally intended to bring . . . not General Casualty's motion and

---

[1] In support of this request, Defendant explained that it had originally intended to seek partial summary judgment in May and then bring a subsequent summary-judgment motion in July after expert discovery was completed.  (See Attachment 1 to Doc. No. 120.)  Because the Court's April 1 Order effectively consolidated both of Defendant's intended summary-judgment motions, Defendant sought an expansion of the 12,000-word limit.  (See id.)

Plaintiff's motion." (Doc. No. 144.) Plaintiff's counsel offered a similar reason—that "the error occurred by applying L.R. 7.1 to each motion separately, and misreading the Court's order as to the 12,000 word limit for both motions combined." (Doc. No. 143.)

In the Court's view, these interpretations are based upon a strained reading of its previous Orders, at best. In its April 1 Order, the Court expressly directed that each party should file <u>only two</u> briefs, and that "the total number of words in each party's briefs (combined) shall not exceed 12,000 words." If this word limit did not apply to the total number of words in each party's opening brief plus its response (the only two briefs allowed), there would have been no need to clarify that the 12,000-word limit applied to the *combined* total. Furthermore, if counsel believed the Court's April 1 Order meant that each party had 12,000 words to use on *each* of the two Motions, then each side could have submitted up to 24,000 words total—12,000 in its own opening brief and 12,000 in its response to the other party's motion—and there would have been little need for defense counsel to seek additional words. Yet they did request more words, and the Court's response was a clear "no."

While the April 14 Order denying the request for more words did not explicitly remind the parties that the 12,000-word limit applied to the total number of words in each side's opening and response briefs combined, this was clear from the initial April 1 Order. But rather than adhering to this Order, or seeking clarification if they construed the Court's two Orders to be inconsistent, counsel for each side chose to file briefs exceeding the 12,000-word limit. Counsel conceded at oral argument that they now realize their interpretation of the Court's Orders was incorrect, and they have

acknowledged that they exceeded the ordered word limits.  They maintain, however, that the violation was unintentional.

Based on the foregoing, and all the files, records, and proceedings herein, the Court determines that counsel of record for both parties violated its prior Orders as to the word-count limitations for their summary-judgment Motions.  Based on counsel's responses to the Order to Show Cause, however, it appears the violation was unintentional, and the Court trusts such conduct will not be repeated.  Accordingly, no sanctions beyond this Order will be imposed.

The Order to Show Cause (Doc. No. 139) is **DISCHARGED**.

Dated: August 18, 2011 		s/Richard H. Kyle
		RICHARD H. KYLE
		United States District Judge